IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIS GALLEGOS,

       Plaintiff,

vs.                                                  No. CIV 06-1118  DJS/RHS

CORPORAL JOSEPH WRIGHT, an Officer of
the Española Police Department, Individually;

JOHN DOE 1, an Officer of Española Police
Department participating In the detention and
arrest of Louis Gallegos on December 3, 2003,
at 508 Winesap, Española, New Mexico, Individually;

JOHN DOE 2, an Officer of Española Police
Department participating In the detention and
arrest of Louis Gallegos on December 3, 2003,
at 508 Winesap, Española, New Mexico, Individually;

JOHN DOE 3, an Officer of Española Police
Department participating In the detention and
arrest of Louis Gallegos on December 3, 2003,
at 508 Winesap, Española, New Mexico, Individually;

JOHN DOE 4, an Officer of Española Police
Department participating In the detention and
arrest of Louis Gallegos on December 3, 2003,
at 508 Winesap, Española, New Mexico, Individually;

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint for Civil Rights Violations **[Doc. No. 57]** filed on August 13, 2008, and fully briefed on September 3, 2008.  Plaintiff's proposed Second Amended Complaint substitutes the names of the police officers involved in the alleged civil rights violations set forth in Plaintiff's

Complaint in the place of "John Doe" defendants. Plaintiff contends he is not adding new defendants but merely clarifying and focusing "the identity of the defendants against whom Plaintiff's claims were originally brought." Pl.'s Reply at 2.

Defendant Wright opposes the motion arguing that Plaintiff's claims against the proposed new defendants, Mark Sanchez, Ron Wrye and Ray Romero, are barred by the applicable statute of limitations. Second, Defendant Wright contends that Plaintiff's addition of these defendants as parties in Plaintiff's Second Amended Complaint should not relate back to the original complaint and First Amended Complaint because none of the proposed substituted parties received any notice of this lawsuit prior to the statute of limitations expiring.

Federal Rule of Civil Procedure 15(a) provides an automatic right to amend pleadings once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). Otherwise, Rule15(a) provides that a party may amend the party's pleadings only by leave of court after a responsive pleading is served and leave shall be freely given when justice so requires. *Id.* "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't of Soc. and Rehab. Services*, 181 F.3d 1180, 1185,-86 (10th Cir. 1999). The decision to grant leave to amend a complaint lies within the sound discretion of the trial court. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment[.]" *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

In this case, Plaintiff seeks to amend his complaint for the second time to substitute named defendants for original, unknown "John Does"after the statute of limitations has run. Hence, the proposed amendment is futile unless it relates back to the original complaint under Rule 15(c).[1]  Substituting a named defendant for an original, unknown "John Doe" defendant amounts to adding a new party.  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). And, an amendment that adds a new party relates back to the complaint when the party to be brought in by amendment "received such notice of the action such that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  FED.R.CIV.P. 15(c)(1).

---

[1]Rule 15(c) states in pertinent part:

**(c) Relation Back of Amendments**.

(1)  When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A)   the law that provides the applicable statute of limitations allows relation back;

(B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

   (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

   (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED.R.CIV.P. 15(c)(1).

3

"[A] plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of [Rule 15(c)(1)(C)]." *Garrett*, 362 F.3d at 696 (quotation omitted). Specifically, "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type [Rule 15(c)(1)(C) was meant to address," *id.*, and a later amendment that specifically names that defendant does not relate back to the original complaint, *id.* at 697. Thus, even if the Court were to grant Plaintiff's motion, the amendment would be futile because the amendment would not relate back to the date of the original complaint and the statute of limitations would bar the action against the proposed new defendants. Accordingly, Plaintiff's motion is denied.

**NOW, THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint for Civil Rights Violations **[Doc. No. 57]** filed on August 13, 2008, is **DENIED**.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**